**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Malinda Nicolosi

    v.                                            Case No. 19-cv-1142-PB

New Hampshire Supreme Court et al.[1]

## REPORT AND RECOMMENDATION

Before the court is pro se plaintiff Malinda Nicolosi's complaint (Doc. No. 1) asserting claims arising out of child custody proceedings in the New Hampshire Circuit Court, Tenth

---

[1] Plaintiff names the following defendants in the caption of the complaint: the New Hampshire Supreme Court ("NHSC"); NHSC Senior Associate Justice Gary E. Hicks; NHSC Justices James P. Bassett, Anna Barbara Hantz Marconi, and Patrick E. Donovan; the New Hampshire Superior Court ("Superior Court"); Superior Court Chief Justice Tina L. Nadeau; Superior Court Justices: David A. Anderson, Peter H. Bornstein, Jacalyn A. Colburn, N. William Delker, Daniel I. St. Hilaire, Martin Honigberg, Steven M. Houran, Mark E. Howard, Amy L. Ignatius, John C. Kissinger Jr., Lawrence A. MacLeod Jr., Richard B. McNamara, Amy Messer, Diane M. Nicolosi, James D. O'Neill III, David W. Ruoff, Andrew R. Schulman, Brian T. Tucker, Marguerite L. Wageling, Kenneth C. Brown, Larry M. Smukler, James J. Barry, Arthur E. Bean Jr., Arthur D. Brennan, Jean K. Burling, Edward J. Fitzgerald III, William J. Groff, Bernard J. Hampsey Jr., Philip S. Hollman, John M. Lewis, Philip P. Mangones, George L. Manias, Kathleen A. McGuire, Bruce E. Mohl, Robert E. K. Morrill, Walter L. Murphy, Peter H. Fauver, David A. Garfunkel, Kenneth R. McHugh; the New Hampshire Circuit Court ("NHCC"); NHCC Administrative Judge David D. King; NHCC Judges Robert J. Foley, Elizabeth Leonard, and Kerry Steckowych; NHCC Referee Philip Cross; NHCC Senior Administrator Gina Belmont; NHCC Administrators: Kate E. Geraci, Paula J. Hurley, Patrick W. Ryan, and Bridgette Siff Holmes; Anthony Grillo Jr.; Joan Grillo; and Cheri Grillo Nolan. Omitted from the caption, but identified as a defendant in the narrative of the complaint, is NHCC Judge Robert S. Stephen.

Circuit-Family Division-Derry ("Derry Family Court") concerning her minor son, A.N.-G.  See In re Grillo and Nicolosi, No. 622-2018-DM-0053, DFC ("Derry Family Court Case").  Nicolosi has alleged that her son's health is threatened, and she has filed a document entitled "Motion for Ex Parte" (Doc. No. 3).  The court has construed those documents as a request for preliminary injunctive relief, specifically, an order from this court vacating the Derry Family Court's November 1, 2019 Order which, Nicolosi claims, allows A.N.-G.'s "legal father," Anthony Grillo,[2] to carry out a plan to have A.N.-G. vaccinated in a manner which Nicolosi alleges may be harmful to A.N.-G.

Nicolosi's complaint is before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).  The district judge has referred the requests for preliminary injunctive relief to the undersigned magistrate judge for a report and recommendation.  See Nov. 13, 2019 Order.

**Background**

According to the complaint, Nicolosi and Anthony Grillo have been engaged in the Derry Family Court Case, a contentious custody/parenting dispute concerning their (now) three-year-old

---

[2]Nicolosi asserts that Grillo is A.N.-G.'s "legal father," although he is not the child's biological father.

son, A.N.-G, since February 2018. A review of the state court docket reveals that the matter remains open, and that Nicolosi also filed an interlocutory appeal on September 27, 2019, which is pending in the New Hampshire Supreme Court ("NHSC").

The state court docket and Nicolosi's filings indicate that the Derry Family Court recently issued one or more orders allowing Anthony Grillo to make certain medical, dental, and nutritional decisions for A.N.-G. Nicolosi alleges that Grillo has made and/or intends to make medical and dental decisions that have harmed A.N.-G. in the past, and/or that may cause him harm in the future. In particular, Nicolosi alleges that Anthony Grillo intends to have A.N.-G. receive ten vaccinations at one time, when the recommended protocol for children with the neurological disorder neutropenia,[3] with which A.N.-G. has been diagnosed, is spreading the vaccines out over time.

### Claims

Nicolosi does not specifically set out the claims she seeks to raise in this action. Liberally construing Nicolosi's

---

[3]Neutropenia is "[a] condition in which there is a lower-than-normal number of neutrophils (a type of white blood cell) in the blood." National Institute of Health, National Cancer Institute, Dictionary of Cancer Terms, https://www.cancer.gov/publications/dictionaries/cancer-terms/def/neutropenia (last visited Nov. 8, 2019).

3

complaint (Doc. No. 1), exhibits, and complaint addendum (Doc. No. 3), the court finds that Nicolosi has asserted the following claims in this matter, seeking equitable relief and damages for violations of federal rights, under federal laws including 42 U.S.C. § 1983:

> 1.   Defendants improperly caused Nicolosi to lose the ability to make medical, dental, and nutritional decisions for her minor son, A.N.-G., in violation of her: (a) First Amendment rights to familial association and to parent her child, and (b) Fourteenth Amendment due process rights.
>
> 2.   Derry Family Court Referee Philip Cross destroyed critical evidence in the Derry Family Court Case, including DNA test results demonstrating that Justin Holmes, not Anthony Grillo, is A.N.-G.'s biological father, in order to cover up "birth certificate fraud" committed by Referee Cross and other defendants to this action, in violation of Nicolosi's Fourteenth Amendment due process rights.
>
> 3.   Defendants in this action colluded with one another to: (a) violate anti-trust laws; (b) subject Nicolosi and A.N.-G. to commercial trafficking; and (c) violate Nicolosi's civil rights and due process rights.
>
> 4.   Defendants in this case committed the crimes of: birth certificate fraud, "paper terrorism," and commercial trafficking of persons, in the Derry Family Court Case.

**Discussion**

I.   Preliminary Review

   A.   Standard

The court may dismiss claims asserted in a complaint filed by a pro se plaintiff proceeding in forma pauperis if the court lacks subject matter jurisdiction, a defendant is immune from

4

the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  The court liberally construes pleadings filed by pro se parties.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  In considering whether a complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

    B.    Claims Asserted on Behalf of Others

Nicolosi has asserted claims on behalf of herself; her minor son, A.N.-G.; and Justin Holmes in this action.  As a self-represented non-attorney plaintiff, Nicolosi may not litigate claims on behalf of anyone but herself, including her minor child.  See 28 U.S.C. § 1654; LR 83.2(d); cf. Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 249 (1st Cir. 2003) (noting that "usual common law rule prevent[s] non-attorney parents from proceeding pro se on behalf of their minor child"); see also Ethan H. v. New Hampshire, 968 F.2d 1210, *1 (1st Cir. 1992) (unpublished table decision) ("non-attorney parent must be

represented by counsel in bringing an action on behalf of his or her child" (citation omitted)). Accordingly, the court construes this action to have been brought by Nicolosi, acting only on her own behalf. The rights of other parties she purports to represent are not properly litigated in this action unless they appear personally or counsel appears on their behalf. The district judge, therefore, should dismiss all of the claims asserted in the complaint on behalf of A.N.-G. and Justin Holmes.

    C.    <u>Sovereign Immunity (Claims 1-4)</u>

Nicolosi names New Hampshire state courts as defendants: the NHSC, the New Hampshire Superior Court ("Superior Court"), the New Hampshire Circuit Court ("NHCC"), and the Derry Family Court. The Eleventh Amendment generally precludes suits against states by private individuals in federal court, absent certain exceptions not applicable here. <u>See</u> <u>Va. Office for Prot. & Advocacy v. Stewart</u>, 563 U.S. 247, 253-54 (2011); <u>Davidson v. Howe</u>, 749 F.3d 21, 27 (1st Cir. 2014). A state court is treated like a state for purposes of the Eleventh Amendment. <u>See</u> <u>Doe v. Meyers</u>, No. 18-cv-1039-JD, 2019 WL 4060068, at *2, 2019 U.S. Dist. LEXIS 146160, at *6 (D.N.H. Aug. 28, 2019) (collecting cases). Accordingly, the district judge should dismiss without

6

prejudice all of the claims Nicolosi asserts against the state courts.

D.  Criminal Conduct (Claim 4)

In Claim 4, Nicolosi asserts that the defendants in this action engaged in criminal conduct. "Private citizens lack a judicially cognizable interest in the prosecution or nonprosecution of another." In re Compact Disc Minimum Advert'd Price Antitr. Litig., 456 F. Supp. 2d 131, 145 (D. Me. 2006) (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)) (internal quotation marks and alterations omitted). Because Nicolosi cannot state a private cause of action based on the defendants' alleged violation of criminal laws, the district judge should dismiss Claim 4.

E.  Damages Claims (Claims 1-3)

1.  Judicial Immunity (Claims 1-3)

Most of the defendants in this action are individual state court judges or judicial officers; Nicolosi has named four NHSC justices, forty Superior Court justices, five NHCC judges, four NHCC administrators, and an NHCC referee as defendants.[4] "[W]hen

---

[4]Of these "judicial" defendants, only nine are actually identified as "wrongdoers" in the narrative of the complaint:

7

a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019); see also Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judicial immunity is overcome only for "actions not taken in the judge's judicial capacity" and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction") (per curiam).  Judicial immunity from claims for damages applies even when a judge's "actions are malicious, corrupt, mistaken, or taken in bad faith." Zenon, 924 F.3d at 616.  Judicial officers, such as referees in child custody proceedings, plainly performing judicial functions, "so long as they act in that capacity, . . . 'share a judge's immunity from suit.'" D'Angelo v. N.H. Super. Ct., 740 F.3d 802, 808 (1st Cir. 2014) (citation omitted).  Additionally, "'[t]he doctrine of quasi-judicial immunity provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function.'" Id. (citation omitted).

    The conduct of the state court judges or judicial officers which Nicolosi alleges caused her harm -- specifically, evaluating the evidence and rendering decisions on disputed

---

NHCC Judges Kerry Steckowych, Elizabeth Leonard, Robert J. Foley, and Robert S. Stephen; and NHCC Referee Philip Cross.

issues in the Derry Family Court Case -- was undertaken while those individuals were performing judicial functions.  All of the state court judges, judicial officers, and judicial administrative officials named as defendants in Claims 1-3 enjoy absolute immunity from Nicolosi's claims for damages.  The district judge in this case, therefore, should dismiss all of the damages claims asserted by plaintiff against each of the defendant justices, judicial officers, administrative judges, and state judiciary employees identified as defendants in this case.

    2.    Private Actors

        a.    Federal Civil Rights (Claims 1, 3(c))

The remaining defendants in this case are Anthony Grillo, Joan Grillo, and Cheri Grillo Nolan, none of whom are state employees.  With certain exceptions not applicable here, private actors generally cannot be held liable for violations of an individual's federal constitutional rights, and 42 U.S.C. § 1983 does not provide a cause of action for purely private conduct that is alleged to have an impact on a plaintiff's federal constitutional rights.  See Georgia v. McCollum, 505 U.S. 42, 53 (1992) (citing Polk Cty. v. Dodson, 454 U.S. 312 (1981)). Stripped of legal conclusions, the complaint contains no factual

assertions indicating that any of those private parties engaged in state action or colluded with state actors to violate Nicolosi's federal constitutional rights.  Accordingly, as to Claim 1, which alleges a First Amendment violation, and Claim 3(c), which alleges violations of Nicolosi's federal civil and due process rights, Nicolosi has failed to plead sufficient facts to maintain those claims for damages against the private party defendants named in this case.  For that reason, the district judge should dismiss those damages claims without prejudice to Nicolosi's ability to replead and litigate them in a proper forum.

          b.    <u>Anti-Trust and Trafficking (Claims 3(a)-(b))</u>

Further, to the extent Nicolosi asserts in Claims 3(a) and 3(b) that the private party defendants have violated any anti-trust law or any law prohibiting human trafficking, she has failed to plead sufficient facts to support such claims. Accordingly, the district judge should dismiss Nicolosi's damages claims identified above as Claims 3(a) and 3(b), without prejudice to her ability to replead and litigate those claims in an appropriate forum, to the extent they are asserted against Anthony Grillo, Joan Grillo, and Cheri Grillo Nolan.

E.   Injunctive Relief, Removal, and Younger Abstention

As to the claims identified in this action as Claims 1-3, Nicolosi seeks injunctive relief, in the form of an Order removing the Derry Family Court Case to this court, and an Order reversing or vacating one or more orders issued in that case. The claims seeking such relief trigger this court's obligation to abstain under Younger v. Harris, 401 U.S. 37 (1971).

The Younger abstention doctrine generally requires federal courts to abstain from enjoining or issuing declaratory relief that would affect ongoing state criminal prosecutions, ongoing state civil enforcement proceedings that resemble prosecutions, and other types of ongoing civil proceedings that "'implicate a State's interest in enforcing the orders and judgments of its courts,'" absent extraordinary circumstances. Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015) (quoting Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013)). Younger generally requires abstention if the pending state proceeding (1) is "judicial in nature," (2) "implicates important state interests," and (3) provides an adequate opportunity for the federal plaintiff to assert her federal claims or defenses. Sirva Relocation, 794 F.3d at 196.

When those preconditions are satisfied, abstention is mandatory, and the federal court is deprived of any discretion

11

to grant injunctive or declaratory relief, unless an exception to Younger applies.  See Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976); Sirva Relocation, 794 F.3d at 192.  The few extraordinary circumstances where abstention is not required include state proceedings brought in bad faith for purposes of harassment, state cases in which the state forum provides inadequate protection of federal rights, and circumstances where the state statute at issue in the proceedings is "'flagrantly and patently violative of express constitutional prohibitions.'"  Sirva Relocation, 794 F.3d at 192 (citations omitted).

   Here, the underlying state proceeding is a child custody proceeding, judicial in nature, which remains pending in the state courts; although Nicolosi has asked this court to enjoin those proceedings and remove the matter to this court, she has not taken any of the steps or otherwise satisfied the requirements set forth in federal law to effect the removal of a state case.  See generally 28 U.S.C. § 1446.  Since the Derry Family Court Case has not been removed and does not appear suitable for removal at this late stage of that proceeding, Younger's first precondition, that there be an ongoing state judicial proceeding, is satisfied.

   The Derry Family Court Case implicates important state

12

interests in the disposition of child custody matters; the enforcement of state court orders regarding paternity, custody, and care of a minor; the enforcement of state court orders and the state appellate court's disposition of a pending interlocutory appeal. See, e.g., Albert v. Mass. Exec. Office of Health & Human Serv., No. 17-12403-ADB, 2018 WL 1763634, at *2, 2018 U.S. Dist. LEXIS 61902, at *4 (D. Mass. Apr. 11, 2018) (Younger has been extended to include "child welfare and custody proceedings"). This court's further consideration of the merits of Claims 1-3 would interfere with the state court's resolution of those important state interests. Further, Nicolosi has an adequate opportunity to raise the issues she has asserted here in the Derry Family Court Case, and she can appeal adverse orders in that case to the NHSC. None of the exceptions to Younger abstention apply here.

This court's further consideration of Claims 1-3 is precluded by Younger, to the extent Nicolosi seeks equitable relief. Dismissal without prejudice is the appropriate means of abstaining under Younger with respect to her claims for such relief. Accordingly, the district judge should dismiss Claims 1-3, without prejudice, to the extent Nicolosi seeks injunctive or declaratory relief on those claims.

III. <u>Request for Preliminary Injunction (Doc. Nos. 1-1, 3)</u>

Nicolosi has filed documents (Doc. Nos. 1-1, 3), which this court has construed to seek preliminary injunctive relief. Specifically, Nicolosi seeks an Order from this court vacating the Derry Family Court's November 1, 2019 Order which, Nicolosi alleges, will allow Grillo to have A.N.-G. vaccinated on a schedule that may be harmful to A.N.-G.

The <u>Younger</u> abstention doctrine bars this court from granting the injunctive relief Nicolosi seeks. Accordingly, the district judge should deny her requests for preliminary injunctive relief (Doc. Nos. 1-1, 3) and deny her "Ex Parte Motion" (Doc. No. 3). <u>See</u> Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (plaintiff's showing of likelihood of success on merits is prerequisite to obtaining preliminary injunctive relief).

**Conclusion**

For the foregoing reasons, the district judge should dismiss all of the claims in the complaint (Doc. No. 1); deny the Ex Parte Motion (Doc. No. 3); deny plaintiff's request for removal of the Derry Family Court Case; deny plaintiff's request for other preliminary injunctive relief (Doc. Nos. 1-1, 3), and close this case. Any objections to this Report and

14

Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

November 13, 2019

cc:  Malinda Nicolosi, pro se