**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Malinda Nicolosi</u>

   v.                               Civil No. 19-cv-1142-PB

<u>New Hampshire Supreme Court et al.</u>

**O R D E R**

Before the court is pro se plaintiff Malinda Nicolosi's "Request for Emergency Hearing" (Doc. No. 7), alleging that Nicolosi has been denied custody of and access to her son in a child custody case pending in the state family court, <u>In re Grillo and Nicolosi</u>, No. 622-2018-DM-0053, (N.H. Cir. Ct., 10th Cir.-Family Div.-Derry ("Derry Family Court").[1]  In her emergency request, Nicolosi seeks a Temporary Restraining Order from this court: 1) removing her open child custody action to this court from the Derry Family Court; 2) allowing Nicolosi access to her son so that she can nurse him; 3) allowing Nicolosi to have her

---

[1] Nicolosi has attached an exhibit to the instant motion indicating that on November 1, 2019, the Derry Family Court issued an Order suspending Nicolosi's parenting time with her son, and stating that the court will review that Order at the next hearing in the child custody case, which is scheduled for November 26, 2019.  <u>See</u> Doc. No. 8, at 16.  It appears Nicolosi filed a motion to vacate the November 1 Order which was denied on November 12, 2019, without prejudice to Nicolosi's ability to renew her request at the November 26 hearing.  <u>See</u> <u>id.</u> at 28.

son treated by his former physicians; 4) stopping treatment of Nicolosi's son by a new physician; 5) directing the Derry Family Court to accept certain filings; 6) allowing her son to have a full genetic evaluation; and 7) allowing Nicolosi to attend a parent-teacher conference at her son's pre-kindergarten program scheduled for this evening.

As an initial matter, Nicolosi's motion (Doc. No. 7) may be denied because it seeks immediate relief without prior notice to the defendants in this case, and she has failed to provide the court with the certifications required by Fed. R. Civ. P. 65(b)(1). Even if those certifications were included, however, for the reasons explained herein, the court cannot grant Nicolosi the relief she seeks.

On November 13, 2019, the Magistrate Judge issued a Report and Recommendation recommending that this action be dismissed in its entirety, in large part because, under Younger v. Harris, 401 U.S. 37 (1971), this court does not have the authority to rule on matters that would interfere with the state court's ability to litigate the child custody case pending before it. For the reasons explained in the Report and Recommendation (Doc. No. 6), this court cannot grant the relief Nicolosi requests in her motion. Accordingly, Nicolosi cannot demonstrate that she is likely to succeed on the merits of the claims in her case,

and therefore is not entitled to the preliminary injunctive relief she seeks.  See Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015) (citation omitted) ("'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'").

Accordingly, Nicolosi's "Request for Emergency Hearing" (Doc. No. 7) is DENIED, without prejudice to Nicolosi's ability to seek relief in the state courts.

SO ORDERED.

/s/Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

November 14, 2019

cc:   Malinda Nicolosi, pro se